

D206557

# CITATION FOR PETITION

| | |
|---|---|
| **KOLEMAN FINKELSTEIN** | **27TH JUDICIAL DISTRICT** |
| **VS** | **DOCKET NUMBER: C-2210413 B** |
| **THE OLD EVANGELINE DOWNS, LLC** | **ST LANDRY PARISH, LOUISIANA** |

THE OLD EVANGELINE DOWNS, LLC THROUGH ITS REGISTERED AGENT CORPORATION
SERVICE COMPANY          Parish of EAST BATON ROUGE
501 LOUISIANA AVE
BATON ROUGE, LA 70802

You are named as a defendant in the above captioned matter. Attached to this citation is a certified copy of: PETITION FOR DAMAGES.

You must either comply with the demand contained in the petition or make and appearance either by filling an answer or other pleading in the 27TH JUDICIAL DISTRICT located at 118 South Court Street, Opelousas, LA 70570 within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**
A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

   If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with **thirty (30)** days after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**
A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

This Citation was issues by the Clerk for the Court for the 27TH JUDICIAL DISTRICT Judicial District Court on the 23RD DAY OF MARCH, 2022.

*Abbie Prudhomme*

ST LANDRY PARISH DEPUTY CLERK FOR
CHARLES JAGNEAUX, CLERK OF COURT

REQUESTED BY: BONIN, ALEXANDRE E

**SERVICE**

Exhibit A to Notice of Removal

27th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. LANDRY
STATE OF LOUISIANA

NO. _____     DIVISION _____     SECTION _____

KOLEMAN R. FINKELSTEIN

VERSUS

THE OLD EVANGELINE DOWNS LLC

FILED: _____     _____
                                              Deputy Clerk

**PETITION FOR DAMAGES**

The petition of Koleman R. Finkelstein (herein after referred to as "Dr. Finkelstein," or "Petitioner"), a person of age and a resident of the State of Louisiana respectfully represents:

1.

The defendant herein is:

1. THE OLD EVANGELINE DOWNS, LLC (hereinafter referred to as "Evangeline Downs" or collectively with the other defendants as "Defendants"), at all times material hereto a foreign corporation licensed to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court;

2.

The defendant is liable to petitioner on account of the following:

3.

Venue is proper in accordance with La. C.C.P. art. 74.

```
St Landry Parish                    C-2210413
Filed Mar 22, 2022 4:27 PM              B
Rondra Shelvin
Deputy Clerk of Court
E-File Received Mar 22, 2022 3:03 PM
```

4.

On or about March 30, 2021, your petitioner was visiting Evangeline Downs located at 2235 Creswell Lane in Opelousas, Louisiana as an invited guest of Defendants.

5.

While Dr. Finkelstein was on the above-named property, he slipped and fell causing him to be injured.

6.

On information and belief, Evangeline Downs owned, operated, maintained, supervised and/or had garde of the business and its premises and immovable property, including the floor in question, and are responsible for all conditions in and/or on the premises as well as any and all negligent acts of the owners, manager and/or employees of the business in question.

**Certified True and Correct Copy**
CertID: 2022032300060

St. Landry Parish
Deputy Clerk of Court

Generated Date:
3/23/2022 10:51 AM

**Exhibit A to Notice of Removal**
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

7.

Dr. Finkelstein's accident and injuries were caused due to the fault and neglect of Defendants in creating and/or failing to remedy or repair an unreasonably dangerous condition in and/or on the premises which include, but are not limited to, the following:

a. An unreasonably dangerously and excessively slippery floor which was known to be slippery, which condition caused plaintiff's accident.

b. Other conditions as will be shown at the trial of this matter.

8.

On information and belief, the defendant knew or should have known of the then existing defect which caused the damage, the damage could have been prevented by the exercise of reasonable care, and that they failed to exercise such reasonable care.

9.

Plaintiff further submits that the accident was caused by the fault and neglect of Defendant in the following non-exclusive manner:

a. Failing to maintain a reasonably safe place for customers;

b. Failing to properly maintain, inspect and supervise the premises;

c. Failing to take necessary measures to protect the safety of customer;

d. Failing to warn customers of the dangerous condition of the premises;

e. Failing to take reasonable steps to prevent this accident;

f. Creating an unreasonably dangerous condition and/or failing to repair it;

g. Failing to take reasonable actions to cure the defect in or on the premises;

h. Allowing an unreasonably dangerous condition to exist on the premises;

i. Failing to see what they should have seen; and

j. Other acts of negligence which will be shown at the trial of this matter.

10.

On information and belief, the injuries to your petitioner were caused by the reckless and/or negligent actions of defendant.

11.

As a result of his fall, your petitioner was caused to sustain substantial bodily injury, all of which will be shown at the trial of this matter, including new injuries and aggravation of



**Certified True and Correct Copy**
CertID: 2022032300060

St. Landry Parish
Deputy Clerk of Court

Generated Date:
3/23/2022 10:51 AM

**Exhibit A to Notice of Removal**
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

preexisting injuries. Additionally, your petitioner was caused to sustain mental, emotional and psychological injuries as well.

12.

Your petitioner's damages on account of the fault of the defendant includes past, present and future pain and suffering, loss of life's pleasures, medical expenses, loss of wages and reduced earning capacity, all of which are specially pleaded.

WHEREFORE, your petitioner prays that after all due proceedings there be judgment herein in his favor and against the defendant for the full amount of Petitioner's general and special damages, and for the costs of these proceedings.

Respectfully submitted,

ALEXANDRE E. BONIN      #31054
R. CHRISTIAN BONIN       #34865
J. MARC BONIN               #36804
BONIN *LAW*
4224 Canal Street
New Orleans, Louisiana 70119
T (504) 586-0064
F (504) 488-4114
*Attorneys for Koleman R. Finkelstein*

**Please Serve:**
THE OLD EVANGELINE DOWNS, LLC
*Through its registered agent*
Corporation Service Company
501 Louisiana Ave
Baton Rouge, LA 70802



Certified True and Correct Copy
CertID: 2022032300060

St. Landry Parish
Deputy Clerk of Court

Generated Date:
3/23/2022 10:51 AM

**Exhibit A to Notice of Removal**

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).