# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **KOLEMAN R FINKELSTEIN** | **CASE NO. 6:22-CV-01180** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **OLD EVANGELINE DOWNS L L C** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (Rec. Doc. 11). Defendant, The Old Evangeline Downs, LLC opposed the Motion (Rec. Doc. 17), and Plaintiff replied (Rec. Doc. 20). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiff's Motion be denied.

### Factual Background

Plaintiff, a Louisiana citizen, filed suit in state court following an alleged slip and fall at Defendant's facility. (Rec. Doc. 1-1). Defendant removed the case based on diversity jurisdiction. (Rec. Doc. 1). Plaintiff moved to remand for lack of complete diversity, arguing that information set forth in Defendant's Notice of Removal indicated that Defendant could ultimately be a Louisiana entity, thereby

destroying complete diversity. Since Plaintiff moved to remand, Defendant filed an Amended Notice of Removal clarifying its parental entities' citizenships as follows:

> Evangeline Downs is a Louisiana limited liability company with a single member, Peninsula Gaming, LLC, which is a Delaware limited liability company. Peninsula Gaming's sole member is Boyd Acquisition II, LLC, a Delaware limited liability company, which in turn is owned by a single member, Boyd Acquisition I, LLC, which is also a Delaware limited liability company. The sole member of Boyd Acquisition I, LLC is Boyd Acquisition LLC, also a Delaware entity. The sole member of Boyd Acquisition LLC is Boyd Gaming Corporation, a Nevada corporation with its principal place of business in Nevada. Thus, Evangeline Downs is a citizen of Nevada.

(Rec. Doc. 16).

## Law and Analysis

Defendant, as the party invoking subject-matter jurisdiction in federal court, has the burden of establishing the court's jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998). The federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. At issue in this case is whether Plaintiff, a Louisiana citizen, and Defendant are diverse.

A limited liability company is a citizen of every state in which any member of the company is a citizen. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Therefore, "the citizenship of a LLC is determined by the citizenship of *all* of its members," *Id*. (emphasis added). Thus, the diversity analysis for an LLC requires a determination of the citizenship of every member of the company. *Id*.;

2

*Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. at 585, n. 1; *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990). See also *Wright v. JPMorgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be."). If any one of the members is not diverse, the LLC is not diverse. A corporation's citizenship is determined by its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1).

Defendant's Amended Notice of Removal sufficiently clarifies each of its members' citizenship and ultimately shows that Defendant is a Nevada corporation and thus diverse from Plaintiff. In reply, Plaintiff argues Defendant did not submit sufficient proof showing the entities' citizenships.

"The court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction." *Coury v. Prot,* 85 F.3d 244, 249 (5th Cir. 1996). The court may consider the pleadings, record evidence, affidavits, and deposition and live testimony. *Id*. Plaintiff correctly points out that Defendant failed to present any evidence proving that its parent company, Boyd Acquisition, LLC, is a Delaware limited liability company, rather than the Boyd Acquisition, LLC identified in the Louisiana Secretary of State records. (Rec. Doc. 11-3).

3

However, the Court is cognizant of Defendant's counsel's Rule 11 obligations, whereby an attorney's signature on a pleading certifies that factual contentions have evidentiary support. F.R.C.P. Rule 11(b). Having considered Defendant's counsel's statements in the pleadings and reviewed public records of the Louisiana and Delaware Secretaries of State, the Court is satisfied that Defendant is ultimately a Nevada entity. Therefore, the Court finds complete diversity and subject matter jurisdiction exist.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Remand and for Attorney Fees (Rec. Doc. 11) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

  THUS DONE in Chambers, Lafayette, Louisiana on this 5th day of July, 2022.

                                  *[signature]*
                                  **CAROL B. WHITEHURST**
                                  **UNITED STATES MAGISTRATE JUDGE**